**Carl Henry EVANS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 01–94–00864–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 17, 1997.

Randolph Earl Roll, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before FARRIS, TAFT and PRICE[1], JJ.

## OPINION

FARRIS, Justice.[2]

Carl Henry Evans appeals his conviction for delivery of a simulated controlled substance, challenging the sufficiency of the evidence and the admission of evidence that one of his companions had a gun. Evans was arrested in an undercover narcotics investigation. Undercover police officers in the investigation purchased four packages represented to contain cocaine. As the arrest occurred, Nathan Foreman, one of Evans' companions, pulled a pistol from his waistband and pointed it at one of the officers. After other officers drew their weapons, Foreman fled but was captured. A police chemist tested samples from each of the packages and found no cocaine present.

Evans challenges his conviction in five points of error: the evidence was insufficient to prove (1) the packages contained a controlled substance or (2) the offer to sell was corroborated; and the trial court erred in admitting evidence Foreman pulled a gun because (3) the State had not given him advance notice it intended to prove Foreman's conduct, (4) and (5) it was error to admit proof Foreman possessed a weapon in the course of fleeing from the crime, while not in the presence of Evans. We overrule his points of error and affirm the judgment.

In his first point of error, Evans contends the evidence was insufficient to prove the four packages contained a simulated controlled substance because there was no evidence the contents were, as a whole, chemically different from cocaine since only a sample from each package was tested.[3] We overrule point one because the State was not required to prove an entire absence of cocaine and the evidence was sufficient to prove the contents of the four packages was a substance which was represented as cocaine.[4]

Evans asserts he could not be convicted of delivery of a simulated controlled substance if there was *any* cocaine in the four packages. Thus, he argues, if someone "sprinkled some real cocaine on top" of the contents of any of the packages, its contents could not be a simulated controlled substance. He reasons this is because the chemist testified she would not have detected cocaine if it was not mixed with the remaining contents but "sprinkled" on a side away from where she took a sample.

Evans also points to the testimony of the undercover officer who negotiated the purchase as proof the packages contained cocaine. The officer testified there was cocaine sprinkled on the top of the remaining contents of the package that was split open by

1. The Honorable Frank C. Price, former Justice, Court of Appeals for the First District of Texas at Houston, participating by assignment.

2. The Honorable David F. Farris, former Justice, Court of Appeals for the Second District of Texas at Fort Worth, participating by assignment.

3. " 'Simulated controlled substance' means a substance that is purported to be a controlled substance, but is chemically different from the controlled substance it is purported to be." Tex. Health & Safety Code Ann. § 482.001(4) (Vernon 1992).

4. The chemist did not analyze the samples to determine what they were made of but only to determine whether or not cocaine was present. She testified she found no evidence of cocaine.

one of the sellers for his inspection. Considering all of his testimony, it appears his testimony was based only upon his inspection of the contents of one of the packages and not upon chemical analysis. During the negotiations with the undercover officer, one of Evans' companions slit open one of the packages for the officer's inspection. The officer felt some of the contents and concluded it was cocaine because the texture felt like cocaine.

We reject Evans' argument because he has misconstrued the definition of simulated controlled substance and the State's consequent burden of proof. We hold the definitive chemical difference of section 482.001 is quantitative rather than exclusive and a simulated controlled substance can be chemically different from the controlled substance it is purported to be even though some unsubstantial amount of the controlled substance is present. To state it differently, a controlled substance can be simulated by adding some of that substance to something else in order to give a false appearance there is a substantial amount of the controlled substance present. Accordingly, something other than cocaine, with cocaine sprinkled on it to create the false appearance the entire concoction contained a substantial amount of cocaine, could be a simulated controlled substance.

We hold the evidence, which includes the chemist's testimony she sliced open each of the four packages, removed a sample, tested each, and determined none contained cocaine, was sufficient proof to allow the jury to rationally conclude the packages contained a simulated controlled substance. *Compare Gabriel v. State*, 900 S.W.2d 721 (Tex.Crim. App.1995).

In *Gabriel*, the accused was convicted of unlawful possession with intent to deliver cocaine weighing 28 grams but less than 200 grams. *Id.* at 721. The *Gabriel* chemist tested only 2.237 grams contained in five of the 54 baggies recovered from the accused. *Id.* at 721. The chemist testified the five tested baggies were 99% cocaine with a total weight of 2.237 grams, the total weight of the contents in all 54 baggies was 35.2 grams and she concluded the untested baggies contained

only cocaine. *Id.* at 722. On appeal, Gabriel contended the evidence was insufficient to prove a quantity of cocaine more than 28 grams because the State had only tested a lesser amount. *Id.* The court held it was rational for the fact finder to conclude identically packaged substances which appeared to be the same substance were the same substance, and the manner of testing only random samples went to the weight the jury might give the evidence in determining the content of the remainder. *Id.* Here, it was even more logical for the jurors to conclude the packages sold to the undercover officers contained simulated cocaine and any real cocaine sprinkled on the contents was evidence of sellers' intent to mislead the buyers. Point one is overruled.

In his second point, Evans contends there was no evidence to corroborate the undercover officer's testimony of Evans' offer to sell a simulated controlled substance. *See* TEX.HEALTH & SAFETY CODE ANN. § 482.003(b) (Vernon 1992). Evans concedes proof he possessed a simulated controlled substance would corroborate the officer's testimony, but argues the chemist's testimony does not suffice because the officer testified the packages contained cocaine while the chemist testified the tested samples did not. Evans' second point is grounded upon his argument that a simulated controlled substance cannot contain any amount of the substance being simulated. Again, we reject Evans' argument for the reasons we stated in disposing of his first point. Point two is overruled.

In his third, fourth, and fifth points, Evans complains of evidence Nathan Foreman possessed a gun. In point three, he complains the State did not give him notice of its intent to prove Foreman possessed the gun. We overrule point three because the written request upon which it is founded was only a request for notice of any extraneous acts committed by Evans; thus, error was not preserved. In points four and five, Evans complains of testimony Foreman was arrested, away from Evans, in possession of a gun. We overrule points four and five because Evans' point is inadequately briefed,

262

his general objection did not preserve error, and he did not object to other testimony about Foreman's possession of a gun. *See* Tex.R.App.P. 52(b); Tex.R.App.P. 74(f).

■ Evans' fourth and fifth points are based upon his objection, outside the jury's presence, that admitting evidence Foreman had a gun as he fled arrest by running across the freeway was a denial of due process and due course of law. These points are inadequately briefed because Evans has cited no specific constitutional provisions, statutory authority or case law to support either. *See Vuong v. State,* 830 S.W.2d 929, 940 (Tex. Crim.App.1992). Further, his objection on vague constitutional grounds was too general. *See Burks v. State,* 876 S.W.2d 877, 899 (Tex.Crim.App.1994) (objection to what defendant did seven or 10 days before offense was not sufficient to preserve objection to extraneous act); *Butler v. State,* 872 S.W.2d 227, 237 (Tex.Crim.App.1994) (objection to doctor testifying from what another did was not sufficient to preserve a hearsay objection). Finally, Evans did not object to testimony Foreman had first pulled his pistol from his waistband and pointed it at some of the officers before fleeing. Thus, any error was waived. *See McFarland v. State,* 845 S.W.2d 824, 840 (Tex.Crim.App.1992). Points of error four and five are overruled.

The judgment is affirmed.

